# CIRCUIT COURT OF THE CITY OF NORFOLK

Jennifer Hicks

v.

Marvin Whitmore, Jr., *et al.*

June 19, 2015

Case No. CL14-2917

BY JUDGE DAVID W. LANNETTI

This action was before the Court on June 10, 2015, on the Motion to Rule on Objections in Depositions filed by Plaintiff Jennifer Hicks. At the hearing, counsel presented two issues to the Court: (1) whether § 8.01-401.1 of the Code of Virginia permits Dr. Matthew Kingston, Hicks's expert witness, to be cross-examined using hearsay documents that formed part of the underlying facts or data relied upon by him in forming opinions or drawing inferences; and (2) whether reference to Hicks's prior medical condition and related treatment, which arguably constitutes a preexisting condition, is relevant and, therefore, admissible. The Court took this matter under advisement to allow the parties to file post-hearing briefs.

The Court, having received and reviewed the post-hearing briefs, now rules on the motion. For the reasons outlined below, the objection to the use of hearsay documents during cross-examination of Dr. Kingston is sustained in part and overruled in part, and the objection to the reference to Hicks's prior medical condition and related treatment is overruled.

Section 8.01-401.1 of the Code of Virginia expressly provides that the facts, circumstances, or data relied upon by an expert witness "need not be admissible in evidence." Stated differently, an expert witness can rely upon documents that otherwise would constitute inadmissible hearsay. Section 8.01-401.1 also is clear that "the expert may in any event be required to disclose *the underlying facts or data* on cross-examination." (Emphasis added.) The Court does not read the Code section to allow admission of the hearsay documents themselves through Dr. Kingston as a testifying expert; rather, the section limits admissible evidence to Dr. Kingston's disclosure

on cross-examination of the facts or data upon which the expert relied to form opinions or draw inferences. The Court, nevertheless, finds that any defendant can use such hearsay documents to impeach Dr. Kingston to the extent that the material in those documents is not offered for the truth of the matter asserted. The ultimate decision regarding admission of such hearsay documents, whether they are offered for other than the truth of the matter asserted or via some other hearsay exception, is reserved for the Court during trial. Further, the Court declines Defendant Marvin Whitmore, Jr.'s invitation to treat records in Hicks's patient file that were prepared by other surgeons within Dr. Kingston's practice as if Dr. Kingston had created all of the records; rather, records prepared by another surgeon are hearsay documents that are not admissible through Dr. Kingston, although those documents could be used to impeach any expert witness who relied upon them.

The Court next considers Hicks's objection to any reference to Hicks's prior medical condition and related treatment, which arguably constitutes a preexisting condition. As counsel are aware, the relevancy standard is very low, and the ultimate admission of evidence over a relevancy objection often is highly dependent upon the evidentiary foundation laid prior to offering evidence for admission. Given the information presently before the Court, the Court is unable to conclude, at this time, that the objectionable testimony is irrelevant. Whether this testimony ultimately is admissible is an issue to be resolved at trial.